UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROY TAYLOR,                                          :

               Plaintiff,               :          12 Civ. 2084 (GBD) (AJP)

         -against-                      :          **REPORT AND RECOMMENDATION**

FRESH DIRECT, et al.,                           :

             Defendants.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable George B. Daniels, United States District Judge:**

        Pro se plaintiff Roy Taylor brings this Title VII action against defendants Fresh Direct, his former employer, and several Fresh Direct employees.  (Dkt. No. 11: Am. Compl.) Presently before the Court is defendants' motion to dismiss Taylor's amended complaint as time barred pursuant to 42 U.S.C. § 2000e-5(f)(1).  (Dkt. No. 20: Notice of Motion; Dkt. No. 22: Defs. Br. at 5.)  For the reasons set forth herein, defendants' motion should be GRANTED.

## FACTS

        Taylor was employed by Fresh Direct from May 2010 to March 9, 2011.  (Dkt. No. 11: Am. Compl. ¶ II(E)[1], [4].)[1]  In April 2011, Taylor filed a charge with the EEOC complaining of race discrimination.  (Am. Compl. ¶¶ II(D), III(A).)  Taylor provided the EEOC the address of his apartment in the Bronx, New York.  (See Am. Compl. Ex.: Charge of Discrimination.)  On August 24, 2011, Taylor began serving a prison term at Riker's Island.  (Am. Compl. ¶ II(E)[4], [5].)

---

[1]    Bracketed numbers in citations to the amended complaint refer to the page numbers of plaintiff's "Facts of Case" attachment referenced in paragraph II(E).

Taylor does not allege that he notified the EEOC of his move to Riker's Island.  (See Am. Compl.;

Dkt. No. 22: Defs. Br. at 2.)

After investigating Taylor's charge, the EEOC mailed a right to sue letter to Taylor's

Bronx apartment address on September 30, 2011.  (Am. Compl. ¶ II(E)[5] & Ex.: EEOC Dismissal

& Notice of Rights.)  Sometime in October 2011, Taylor's girlfriend retrieved his mail from his

Bronx apartment and forwarded it to him at Riker's Island.  (Am. Compl. ¶ II(E)[5].)

Taylor commenced this action on or about March 8, 2012.  (Dkt. No. 2: Compl. at

p. 13: Aff. of Service.)[2/]  On April 3, 2012, Chief Judge Preska sua sponte directed Taylor to file an

amended complaint, noting:  "The statute [Title VII] provides for a 90-day statute of limitations

from the date a plaintiff receives a right to sue letter from the EEOC to bring a civil action in federal

court. . . .  Plaintiff mentions filing an EEOC complaint, but he does not allege that he completed

the EEOC process, obtained a right to sue letter and timely filed this Complaint." (Dkt. No. 4: Order

to Amend at 2.)

On April 8, 2012, Taylor wrote to the EEOC from Riker's Island to obtain another

copy of the September 30, 2011 right to sue letter.  (Am. Compl. Ex.: Taylor 4/8/12 Letter; see also

---

[2/]   The complaint was dated March 8, 2012 but received by the Court on March 19, 2012.
(Compl. at p. 1.)  Under the "prisoner mailbox rule," the complaint is deemed filed
as of the time Taylor gave it to prison officials to mail, presumably March 8, 2012.  See, e.g.,
Flemming v. New York, 421 F. App'x 42, 43 (2d Cir. 2011); Tafari v. McGinnis, 328
F. App'x 21, 22 (2d Cir. 2009);  Hardy v. Conway, 162 F. App'x 61, 62 (2d Cir. 2006) ("[I]n
the absence of contrary evidence, district courts in this circuit have tended to assume that
prisoners' papers were given to prison officials on the date of their signing." (citing cases));
Walker v. Jastremski, 430 F.3d 560, 562-63 (2d Cir. 2005), cert. denied, 547 U.S. 1101, 126
S. Ct. 1887 (2006); Rosario v. Bennett, 01 Civ. 7142, 2002 WL 31852827 at *14 (S.D.N.Y.
Dec. 20, 2002) (Peck, M.J.) (under the "federal 'prisoner mailbox rule,'" incarcerated pro se
litigants are deemed to have filed their federal civil complaints and federal habeas petitions
on the date the papers were handed to prison officials for mailing (citing Houston v. Lack,
487 U.S. 266, 276, 108 S. Ct. 2379, 2385 (1988))).

Am. Compl. ¶ II(E)[5].)  On May 11, 2012, the EEOC sent another copy of the September 30, 2011

letter to Taylor at Riker's Island.  (Am. Compl. ¶ II(E)[5] & Ex.: EEOC 5/11/12 Envelope.)  Taylor

filed an amended complaint on June 5, 2012.  (See Am. Compl. at 4.)

        Defendants move to dismiss the amended complaint as untimely under Title VII's

ninety-day limitations period.  (Defs. Br. at 7.) Defendants also argue that equitable tolling is not

warranted because (1) Taylor failed to notify the EEOC of his address change when he was

imprisoned at Riker's Island and (2) Taylor had actual notice of the EEOC right to sue letter by

October 2011 when his girlfriend forwarded it to him, yet Taylor still waited more than ninety days

from then to commence this action.  (Defs. Br. at 7-10.)

## ARGUMENT

## I.    THE STANDARDS GOVERNING A MOTION TO DISMISS

        In two decisions in 2007 and 2009, the Supreme Court significantly clarified the

standard for a motion to dismiss, as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and
> plain statement of the claim showing that the pleader is entitled to relief."  As the
> Court held in Twombly, the pleading standard Rule 8 announces does not require
> "detailed factual allegations," but it demands more than an unadorned, the-defendant-
> unlawfully-harmed-me accusation.  A pleading that offers "labels and conclusions"
> or "a formulaic recitation of the elements of a cause of action will not do."  Nor does
> a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual
> enhancement."
>
>         To survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true, to "state a claim to relief that is plausible on its face."  A
> claim has facial plausibility when the plaintiff pleads factual content that allows the
> court to draw the reasonable inference that the defendant is liable for the misconduct
> alleged.  The plausibility standard is not akin to a "probability requirement," but it
> asks for more than a sheer possibility that a defendant has acted unlawfully.  Where
> a complaint pleads facts that are "merely consistent with" a defendant's liability, it
> "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

> Two working principles underlie our decision in <u>Twombly</u>. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. <u>Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice</u>. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. <u>Second, only a complaint that states a plausible claim for relief survives a motion to dismiss</u>. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662, 677-79, 129 S. Ct. 1937, 1949-50 (2009) (citations omitted & emphasis added) (quoting <u>Bell Atl. Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 556-57, 570, 127 S. Ct. 1955, 1965-66, 1974 (2007) (retiring the <u>Conley</u> v. <u>Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957), pleading standard that required denying a Rule 12(b)(6) motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")).[3]

---

[3] Accord, e.g., <u>Cancel</u> v. <u>Home Depot</u>, No. 11-3995-CV, 2012 WL 5870764 at *1 (2d Cir. Nov. 21, 2012); <u>Spataro</u> v. <u>Glenwood Supply</u>, 479 F. App'x 403, 404 (2d Cir. 2012); <u>Starr</u> v. <u>Sony BMG Music Entm't</u>, 592 F.3d 314, 321 (2d Cir. 2010), <u>cert. denied</u>, 131 S. Ct. 901 (2011); <u>Harris</u> v. <u>Mills</u>, 572 F.3d 66, 71-72 (2d Cir. 2009); <u>Jones</u> v. <u>N.Y. Dep't of Corr. (DOC) Jail</u>, 11 Civ. 4477, 2011 WL 5865143 at *1-2 (S.D.N.Y. Nov. 22, 2011) (Peck, M.J.), <u>report & rec. adopted</u>, 2012 WL 1232963 (S.D.N.Y. Apr. 12, 2012); <u>Lindner</u> v. <u>IBM Corp.</u>, 06 Civ. 4751, 2008 WL 2461934 at *3 (S.D.N.Y. June 18, 2008); <u>Joseph</u> v. <u>Terrence Cardinal Cooke Health Care Ctr.</u>, 07 Civ. 9325, 2008 WL 892508 at *1 (S.D.N.Y. Apr. 2, 2008); <u>Elektra Entm't Grp., Inc.</u> v. <u>Barker</u>, 551 F. Supp. 2d 234, 237 (S.D.N.Y. 2008); <u>Edison Fund</u> v. <u>Cogent Inv. Strategies Fund, Ltd.</u>, 551 F. Supp. 2d 210, 216-17 (S.D.N.Y.

(continued...)

Even after <u>Twombly</u> and <u>Iqbal</u>, the Court's role in deciding a motion to dismiss "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  <u>Bison Capital Corp.</u> v. <u>ATP Oil & Gas Corp.</u>, 10 Civ. 0714, 2010 WL 2697121 at *5 (S.D.N.Y. June 24, 2010) (Peck, M.J.) (quotations omitted), <u>report & rec. adopted</u>, 2010 WL 3733927 (S.D.N.Y. Sept. 16, 2010).[4/]

The Court must construe a pro se complaint liberally and must use less stringent standards when reviewing a pro se complaint than if the complaint had been drafted by counsel. <u>See</u>, <u>e.g.</u>, <u>Cancel</u> v. <u>Home Depot</u>, 2012 WL 5870764 at *1; <u>Spataro</u> v. <u>Glenwood Supply</u>, 479 F. App'x at 404; <u>Ercole</u> v. <u>LaHood</u>, 472 F. App'x 47, 48 (2d Cir. 2012); <u>Harris</u> v. <u>Mills</u>, 572 F.3d at 72; <u>LaBounty</u> v. <u>Adler</u>, 933 F.2d 121, 123 (2d Cir. 1991).[5/]  However, "[d]ismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief."  2

---

[3/]    (...continued)
2008); <u>Diana Allen Life Ins. Trust</u> v. <u>BP P.L.C.</u>, 06 Civ. 14209, 2008 WL 878190 at *3 (S.D.N.Y. Mar. 31, 2008).

[4/]    <u>Accord</u>, <u>e.g.</u>, <u>Tasini</u> v. <u>AOL, Inc.</u>, 851 F. Supp. 2d 734, 737 (S.D.N.Y. 2012) ("The Court's function on a motion to dismiss is 'not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient.'"); <u>Saunders</u> v. <u>Coughlin</u>, 92 Civ. 4289, 1994 WL 88108 at *2 (S.D.N.Y. Mar. 15, 1994) (quoting <u>Geisler</u> v. <u>Petrocelli</u>, 616 F.2d 636, 639 (2d Cir. 1980)).

[5/]    <u>See also</u>, <u>e.g.</u>, <u>Inesti</u> v. <u>Hicks</u>, 11 Civ. 2596, 2012 WL 2362626 at *6 (S.D.N.Y. June 22, 2012) (Peck, M.J.), <u>report & rec. adopted</u>, 2012 WL 3822224 (S.D.N.Y. Sept. 4, 2012); <u>Scherman</u> v. <u>N.Y.S. Banking Dep't</u>, 09 Civ. 2476, 2010 WL 997378 at *4 (S.D.N.Y. Mar. 19, 2010) (Peck, M.J.), <u>aff'd</u>, 443 F. App'x 600 (2d Cir. 2011); <u>Wong</u> v. <u>Health First Inc.</u>, 04 Civ. 10061, 2005 WL 1676705 at *3 (S.D.N.Y. July 19, 2005) (Peck, M.J.), <u>report & rec. adopted</u>, 2006 WL 2457944 (S.D.N.Y. Aug. 23, 2006); <u>Watson</u> v. <u>McGinnis</u>, 964 F. Supp. 127, 131 (S.D.N.Y. 1997) (Kaplan, D.J. & Peck, M.J.); <u>Saunders</u> v. <u>Coughlin</u>, 1994 WL 88108 at *2 (citing <u>Hughes</u> v. <u>Rowe</u>, 449 U.S. 5, 101 S. Ct. 173 (1980)).

6

Moore's Federal Practice § 12.34[4][a] at 12-99 (2012).  Thus, the "'duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it.'"  Id. § 12.34[1][b] at 12-79.[6/]

## II.   TAYLOR'S ACTION IS BARRED BY THE 90-DAY STATUTORY FILING PERIOD FOR TITLE VII CLAIMS

### A.   Taylor Failed To File His Complaint Within The Statutory Filing Period

Title VII requires a complaint to be filed in federal court within ninety days of receipt of an EEOC right-to-sue letter.  42 U.S.C. § 2000e-5(f)(1);[7/] see, e.g., Parker v. Mack, 460 F. App'x 62, 62-63 (2d Cir. 2012); Jenkins v. N.Y.S. Banking Dep't, 07 Civ. 6322, 07 Civ. 11317, 2009 WL 585851 at *5 (S.D.N.Y. Mar. 6, 2009); Johnson v. St. Barnabas Nursing Home, 568 F. Supp. 2d 399, 400 (S.D.N.Y. 2008); Celestine v. Cold Crest Care Ctr., 495 F. Supp. 2d 428, 431 (S.D.N.Y. 2007); Wong v. Health First Inc., 04 Civ. 10061, 2005 WL 1676705 at *3 (S.D.N.Y. July 19, 2005) (Peck, M.J.), report & rec. adopted, 2006 WL 2457944 (S.D.N.Y. Aug. 23, 2006).[8/]

---

[6/]   Accord, e.g., Inesti v. Hicks, 2012 WL 2362626 at *6; Scherman v. N.Y.S. Banking Dep't, 2010 WL 997378 at *4; Wong v. Health First Inc., 2005 WL 1676705 at *3; Joyner v. Greiner, 195 F. Supp. 2d 500, 503 (S.D.N.Y. 2002) (action dismissed because pro se plaintiff "failed to allege facts tending to establish" that defendants violated his constitutional rights).

[7/]   42 U.S.C. § 2000e-5(f)(1) states, in relevant part:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, . . . the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved . . . .

(Emphasis added.)

[8/]   See also, e.g., Smith v. St. Luke's Roosevelt Hosp., 08 Civ. 4710, 2009 WL 2447754 at *11 (S.D.N.Y. Aug. 11, 2009) (Peck, M.J.), report & rec. adopted, 2009 WL 2878093 (S.D.N.Y. Sept. 2, 2009) (Daniels, D.J.); Marshall v. Nat'l Ass'n of Letter Carriers BR36, 03 Civ. 1361, 2003 WL 22519869 at *10 (S.D.N.Y. Nov. 7, 2003) (Peck, M.J.), report & rec. adopted, 2004 WL 2202574 (S.D.N.Y. Sept. 30, 2004); Heard v. MTA Metro-N. Commuter R.R., 02

(continued...)

      The EEOC issued Taylor's right to sue letter on September 30, 2011, and "[t]here is a presumption that a mailed document is received three days after the date on which it is sent." Comrie v. Bronx Lebanon Hosp., No. 97-7484, 133 F.3d 906 (table), 1998 WL 29643 at *2 (2d Cir. Jan. 27, 1998).[9/]  "It is further presumed, in the absence of a challenge, that a notice by a government agency is mailed on the date shown on the notice."  Comrie v. Bronx Lebanon Hosp., 1998 WL 29643 at *2.  The Court presumes that Taylor's EEOC right to sue letter arrived at his Bronx apartment on October 3, 2011, three mail-delivery days after the letter was issued.  See, e.g., Isaacson v. N.Y. Organ Donor Network, 405 F. App'x 552, 553 (2d Cir. 2011) ("There is a presumption in this circuit that a mailed document is received three days after its mailing."); Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525 (2d Cir. 1996) ("Normally it is assumed that a mailed document is received three days after its mailing").[10/]

---

[8/]    (...continued)
Civ. 7565, 2003 WL 22176008 at *2-3 (S.D.N.Y. Sept. 22, 2003) ("Having received the right-to-sue letter, the claimant has ninety days to bring suit."); Toolan v. Bd. of Educ., 02 Civ. 6989, 03 Civ. 576, 2003 WL 22015437 at *2 (S.D.N.Y. Aug. 25, 2003) ("To be timely, actions for violations of Title VII . . . must be filed within 90 days after receipt of a right to sue letter from the EEOC. . . .  As the Second Circuit has held, 'in the absence of a recognized equitable consideration the court cannot extend the limitations period by even one day.'"); McFarland v. Metro-N. Commuter R.R., 993 F. Supp. 210, 210 (S.D.N.Y. 1998) (Kaplan, D.J. & Peck, M.J.) ("An employment discrimination suit under Title VII must be filed within 90 days of plaintiff's receipt of a right to sue letter from the EEOC. . . . [F]ailure to bring suit within the prescribed 90-day limit is grounds for dismissal.").

[9/]    Accord, e.g., Smith v. St. Luke's Roosevelt Hosp., 2009 WL 2447754 at *11; Wong v. Health First Inc., 2005 WL 1676705 at *4 n.9 (citing cases).

[10/]    See also, e.g., Capobianco v. Sandow Media Corp., 11 Civ. 3162, 11 Civ. 3163, 2012 WL 4561761 at *3 (S.D.N.Y. Sept. 29, 2012); Smith v. St. Luke's Roosevelt Hosp., 2009 WL 2447754 at *11; Johnson v. St. Barnabas Nursing Home, 568 F. Supp. 2d at 400; Tsaganea v. City Univ., 06 Civ. 15366, 2007 WL 2907280 at *3 n.7 (S.D.N.Y. Oct. 5, 2007); McGullam v. Cedar Graphics, Inc., No. 04-CV-2891, 2006 WL 1662651 at *1 (E.D.N.Y. June 9, 2006); Ferrer v. Potter, 03 Civ 9113, 2005 WL 1022439 at *7 (S.D.N.Y. May 3,
(continued...)

Thus, the statutory filing period ended on January 3, 2012.[11]  Taylor filed his complaint on or about March 8, 2012, over two months after the end of the statutory filing period. Accordingly, this action is untimely, unless the doctrine of equitable tolling extends this filing period.  See, e.g., Wong v. Health First Inc., 2005 WL 1676705 at *4.

**B.    The Doctrine of Equitable Tolling Does Not Help Taylor**

The ninety-day period is not jurisdictional, but rather is a statute of limitations, subject to equitable tolling.  E.g., Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984) ("The Supreme Court . . . has evinced a policy of treating Title VII time limits not as jurisdictional predicates, but as limitations periods subject to equitable tolling."); Colon v. Potter, 51 F. App'x 43, 45 (2d Cir. 2002) ("The time limits within Title VII are not jurisdictional prerequisites; rather, they are limitations periods subject to equitable tolling."); Arroyo v. WestLB Admin., Inc., No. 99-7942, 213 F.3d 625 (table), 2000 WL 562425 at *1 (2d Cir. May 9, 2000) ("[T]he issue is not jurisdictional in nature.  Accordingly, 'like a statute of limitations,' the issue is

---

[10]    (...continued)
2005) (Peck, M.J.); Wong v. Health First Inc., 2005 WL 1676705 at *4 n.9; Toriola v. N.Y.C. Transit Auth., 02 Civ. 5902, 2005 WL 550973 at *6 (S.D.N.Y. Mar. 9, 2005) ("Normally, it is 'assumed that a mailed document is received three days after its mailing,' which, in the situation of the government providing notice to a party, is presumed to be the date shown on the notice." (quoting Sherlock v. Montefiore Med. Ctr., 84 F.3d at 525)); Culbertson v. Charosa Found. Corp., No. 03-CV-3742, 2004 WL 2370686 at *2 (E.D.N.Y. Oct. 18, 2004) ("[I]t is presumed that a mailed document is received three days after its mailing."); Moore v. Potter, 217 F. Supp. 2d 364, 372 (E.D.N.Y. 2002) ("With no evidence to the contrary, the Court assumes that the plaintiff received the [March 17] decision by Monday, March 20, 2000."); Chalom v. Perkins, 97 Civ. 9505, 1998 WL 851610 at *3 (S.D.N.Y. Dec. 9, 1998).

[11]    January 1, 2012, which was 90 days after October 3, 2012, was a Sunday and a holiday (New Year's Day), and the holiday was further celebrated on Monday, January 2, 2012.  See Fed. R. Civ. P. 6(a)(1)(C).

'subject to waiver, estoppel, and equitable tolling,' and [party's] failure to raise it before the District Court constitutes a waiver." (citations omitted)).[12]

"[E]quitable tolling is permissible, but only 'in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights.'" Haghpassand v. Reuters Am. Inc., 120 F. App'x 859, 862 (2d Cir. 2005); see, e.g., A.Q.C. v. United States, 656 F.3d 135, 144 (2d Cir. 2011); Gibson v. N.Y.C. Police Dep't, No. 98-7947, 201 F.3d 431 (table), 1999 WL 1070102 at *1 (2d Cir. Nov. 18, 1999) ("[E]quitable relief is extended sparingly."); Wong v. Health First Inc., 2005 WL 1676705 at *5.[13]

The requirements for equitable tolling have been described in various ways in different cases, but it invariably comes down to whether plaintiff was diligent and whether the defendant somehow misled the plaintiff.  See, e.g., Wong v. Health First Inc., 2005 WL 1676705 at *5; Ferrer v. Potter, 2005 WL 1022439 at *7; Harrison v. Potter, 323 F. Supp. 2d 593, 601 (S.D.N.Y. 2004) ("In deciding whether to toll a time period for filing, courts seek to balance the necessity of adhering to statutory procedural requirements with equitable considerations of dismissing claims on technicalities.  This Court is guided by some general factors to be considered

---

[12]   See, e.g., Wong v. Health First Inc., 04 Civ. 10061, 2005 WL 1676705 at *4 (S.D.N.Y. July 19, 2005) (Peck, M.J.), report & rec. adopted, 2006 WL 2457944 (S.D.N.Y. Aug. 23, 2006); Locke v. Lance Investigation Serv., Inc., 03 Civ. 10330, 2005 WL 464590 at *1 (S.D.N.Y. Feb. 28, 2005) (Peck, M.J.); Mateo v. Riverbay Corp., 168 F. Supp. 2d 118, 121 (S.D.N.Y. 2001) (Daniels, D.J.).

[13]   See also, e.g., Ferrer v. Potter, 03 Civ. 9113, 2005 WL 1022439 at *7 (S.D.N.Y. May 3, 2005) (Peck, M.J.); Jenkins v. Potter, 271 F. Supp. 2d 557, 563 (S.D.N.Y. 2003) ("Equitable tolling has been applied 'only sparingly' in private suits . . . ." (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 859, 95, 111 S. Ct. 453, 457 (1990))); Moore v. Potter, 217 F. Supp. 2d 364, 373 (E.D.N.Y. 2002) ("[C]ourts have permitted such [equitable] tolling 'only sparingly.'"); Mateo v. Riverbay Corp., 168 F. Supp. 2d at 121; Chalom v. Perkins, 97 Civ. 9505, 1998 WL 851610 at *5 (S.D.N.Y. Dec. 9, 1998).

in these circumstances, namely, whether the plaintiff believes she has complied with the requirements, whether there is evidence of any affirmative misconduct on the part of the defendant, and whether the plaintiff received sufficient notice.").[14/]

"'The burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff,' and courts are 'less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.'" Avillan v. Potter, 2002 WL 252479 at *3 (citations omitted); see, e.g., Abbas v. Dixon, 480 F.3d 636, 642 (2d Cir. 2007) ("The plaintiff bears the burden of showing that the action was brought within a reasonable period of time after the facts giving rise to the equitable tolling or equitable estoppel claim 'have ceased to be operational.'"); Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002) ("[T]he burden of proving that tolling is appropriate rests on the plaintiff."); Wong v. Health First Inc., 2005 WL 1676705 at *5.[15/]

---

[14/]   See also, e.g., Avillan v. Potter, 01 Civ. 1648, 2002 WL 252479 at *3 (S.D.N.Y. Feb. 21, 2002) ("Equity will not actually lift the procedural bar, however, unless the plaintiff shows that he (1) was unaware of or unable to meet his procedural obligations (2) because of affirmative misconduct on the part of the defendant."); Mateo v. Riverbay Corp., 168 F. Supp. 2d at 121 ("A plaintiff's failure to act diligently, however, will not serve as a basis to invoke equitable tolling."); Chalom v. Perkins, 1998 WL 851610 at *5 ("Equitable tolling is not available when it is the fault of the claimant for failing to exercise due diligence in meeting the filing deadlines.").

[15/]   See also, e.g., Ferrer v. Potter, 2005 WL 1022439 at *8; Lewis v. Conn. Dep't of Corr., 355 F. Supp. 2d 607, 616 n.5 (D. Conn. 2005); Lloyd v. Bear Stearns & Co., 99 Civ. 3323, 2004 WL 2848536 at *10 (S.D.N.Y. Dec. 9, 2004) (Daniels, D.J.) ("The plaintiff bears the burden of 'demonstrating the appropriateness of equitable tolling.'" (quoting Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000))); Fields v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 301 F. Supp. 2d 259, 263 (S.D.N.Y. 2004); Coleman v. Bd. of Educ., 96 Civ. 4293, 2002 WL 63555 at *6 (S.D.N.Y. Jan. 16, 2002) (Daniels, D.J.) ("[I]t is clear that plaintiff was aware of her cause of action.  She has not provided any evidence to this Court to the contrary.  Therefore, the doctrine of equitable tolling is inapplicable."), aff'd, 45 F. App'x 79 (2d Cir. 2002).

Even putting aside Taylor's failure to notify the EEOC of his address change,[16/]

Taylor has not provided a sufficient showing of diligence on his part.

Where, as here, a plaintiff belatedly receives his right to sue letter, the limitations

period only may be tolled, if at all, until the plaintiff has actual notice of his right to sue.  See, e.g.,

Hilton v. Bedford Paving, LLC, No. 08-CV-6552, 2011 WL 3957269 at *9 (W.D.N.Y. Sept. 7,

---

[16/]     EEOC regulations require the Commission to be notified of a claimant's address change:

> The person claiming to be aggrieved has the responsibility to provide the Commission with notice of any change in address and with notice of any prolonged absence from that current address so that he or she can be located when necessary during the Commission's consideration of the charge.

29 C.F.R. § 1601.7(b).  On this basis alone, courts routinely reject equitable tolling arguments where a plaintiff's failure to timely receive an EEOC right to sue letter was caused by his own failure to notify the EEOC of an address change.  E.g., Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 120 (1st Cir. 2009) (Plaintiff's "lack of diligence in filing a change of address with the EEOC as required by 29 C.F.R. § 1601.7(b) is sufficient to reject his equitable tolling claim."); Moore v. Shinseki, No. 06-CV-655A(F), 2010 WL 1257914 at *15 (W.D.N.Y. Mar. 25, 2010) ("Where a 'claimant has failed to provide a new address to the EEOC . . . then the delay is caused by her own fault and the time period begins from the EEOC's delivery of the notice to the most recent address provided [to the agency] by claimant.'"); Williams v. Chertoff, No. 06-CV-3847, 2008 WL 2001897 at *6 (E.D.N.Y. May 8, 2008) ("The law is clear that, in a Title VII case, the complainant bears the burden of notifying the EEOC of any change in address.  In fact, that has been the rule since 1977. . . . If a plaintiff does not receive a right-to-sue letter due to his or her failure to inform the EEOC of a change in address and thereafter files an untimely civil complaint, the complaint must be dismissed."); Banks v. Metro-N. Commuter R.R., 97 Civ. 1601, 1998 WL 312237 at *3 (S.D.N.Y. June 12, 1998) ("If the complainant does not receive the right-to-sue letter due to a failure to inform the EEOC of a change in address and thereafter files an untimely civil complaint, the complaint must be dismissed."); Felton v. N.Y. Post, 90 Civ. 2254, 1990 WL 113176 at *2 (S.D.N.Y. Aug. 2, 1990) ("[I]t is well established that non-receipt of a right-to-sue letter because of a change of address about which the EEOC was not informed is not an event beyond a plaintiff's control."), aff'd, No. 90-7829, 930 F.2d 908 (table), 1991 WL 51283 (2d Cir. Feb. 5, 1991); Lowrie v. N. Cent. Bronx Hosp., 87 Civ. 4079, 1989 WL 1143932 at *2 (S.D.N.Y. July 17, 1989) (Walker, D.J.) ("Because [plaintiff] failed to notify the EEOC of her change of address, the Court must calculate the starting date of the ninety day filing period on the day the original letter and notice of right-to-sue arrived at [plaintiff's] listed address.").

2011) ("[T]he ninety-day statute of limitations begins to run when a claimant or his attorney receives actual notice of the dismissal of the EEOC complaint, even if they did not receive a right-to-sue letter." (citing Loftin v. N.Y.S. Dep't of Mental Health, 80 F. App'x 717, 718 (2d Cir. 2003))); Laurey v. Chemung Cnty. Dep't of Social Servs., 327 F. Supp. 2d 247, 250 (W.D.N.Y. 2004); Greenidge v. Ben Hur Moving & Storage, Inc., No. 02-CV-1635, 2002 WL 1796812 at *4 (E.D.N.Y. Aug. 6, 2002) (Plaintiff's "action is nonetheless time-barred because she failed to file her complaint within 90 days of receiving actual notice . . . that the EEOC had issued a right-to-sue letter."); Marino v. Nat'l R.R. Passenger Corp., 84 Civ. 1358, 1987 WL 11683 at *2 (S.D.N.Y. May 26, 1987) (A third-party "picked up the letter on July 13, 1983, and delivered it to plaintiff on that same day.  Therefore, it ineluctably follows that plaintiff had actual notice on July 13, 1983, more than 90 days before she commenced the instant action.").

Taylor admits that his girlfriend forwarded the right to sue letter to him "sometime in" October 2011, thereby giving him actual notice of his claim by November 3, 2011 at the latest.[17] (See page 2 above.)  Calculating the ninety-day limitations period from then, Taylor's time to file expired on February 1, 2012, more than thirty days before he actually commenced this action on or about March 8, 2012.  (See page 2 above.)  Thus, even tolling the statutory filing period until Taylor had actual notice of the right to sue letter, his suit still is untimely.

Finally, equitable tolling is not warranted merely because a plaintiff is in prison. Walker v. Jastremski, 159 F.3d 117, 119 (2d Cir. 1998) ("[I]mprisonment simpliciter, like unawareness simpliciter, does not toll a statute of limitations."); Perry v. Sony Music, 462 F. Supp.

---

[17]   Even if Taylor's girlfriend mailed the letter to him on October 31, 2011, the last day of the month, Taylor would be presumed to have received it three days later, on November 3, 2011. (See cases cited on page 7 above.)

2d 518, 520 (S.D.N.Y. 2006) (Plaintiff's "explanation that he was incarcerated during the period in question is not sufficient by itself to support application of the [equitable tolling] doctrine." (citing Walker v. Jastremski, 159 F.3d at 119)); see also Jones v. N.Y.S. Metro Developmental Disabilities Servs. Office, 10 Civ. 898, 2012 WL 2478344 at *2 (S.D.N.Y. June 28, 2012); Moore v. City of N.Y., 02 Civ. 6534, 2003 WL 1460480 at *1 (S.D.N.Y. Mar. 20, 2003) ("[T]he mere fact of imprisonment 'does not toll a statute of limitations.'" (quoting Walker v. Jastremski, 159 F.3d at 119)); Covington v. City of N.Y., 916 F. Supp. 282, 285-86 (S.D.N.Y. 1996) (Scheindlin, D.J. & Peck, M.J.) ("Imprisonment does not toll the statute of limitations.").[18]

       Nor is Taylor's alleged confinement to "punitive seg" (Dkt. No. 11: Am. Compl. ¶ II(E)[5]), a basis for equitable tolling.  E.g., Reese v. United States, 11 Civ. 5432, 2012 WL 195607 at *2 (E.D.N.Y. Jan. 23, 2012) ("Simply being placed in the SHU alone does not constitute a basis for equitable tolling."); Prescod v. Brown, 10 Civ. 2395, 2011 WL 182063 at *4 (S.D.N.Y. Jan. 20, 2011) (Peck, M.J.) ("[K]eeplock or SHU status does not provide a basis for equitable tolling." (citing cases)), report & rec. adopted, 2011 WL 497855 (S.D.N.Y. Feb. 10, 2011); Pillco v. Bradt, 10 Civ. 2393, 2010 WL 3398467 at *2 (S.D.N.Y. Aug. 26, 2010) ("To meet the extraordinary circumstances standard, a petitioner must prove that the cause of his delay was 'both beyond his control and unavoidable even with diligence.'  For example, 'difficulty in gaining library

---

[18]    Accord, e.g., Robinson v. Builders Choice Concrete Co., No. 09-6084-CV, 2009 WL 3271269 at *1 (W.D. Mo. Oct. 9, 2009) ("[I]ncarceration during the 90-day period is not sufficient by itself to support equitable tolling."), aff'd, 375 F. App'x 646, 646 (8th Cir. 2010) ("[E]quitable tolling was not warranted in this case." (citing Perry v. Sony Music, 462 F. Supp. 2d at 520)); cf. Saldana v. Artuz, 99 Civ. 5089, 2000 WL 1346855 at *2 (S.D.N.Y. Sept. 19, 2000) (Chin, D.J.) ("Hardships associated with prison conditions do not constitute the rare circumstances under which equitable tolling is granted.").

access, prison lockdowns, [petitioner's] lack of legal training, poor eyesight, and transfers to various prisons' fail to meet the requisite extraordinary circumstances." (fn. omitted)).[19]

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss Taylor's amended complaint as time barred (Dkt. No. 20: Notice of Motion), should be GRANTED.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6.[20] Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable

---

[19]   See also, e.g., Colon v. Goord, 115 F. App'x 469, 470 (2d Cir. 2004) ("[T]his Court has never held solitary confinement alone sufficient to entitle a prisoner to equitable tolling." (citing Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001), cert. denied, 536 U.S. 925, 122 S. Ct. 2593 (2002))); Richard v. Rock, No. 08-CV-145, 2009 WL 383762 at *7 (N.D.N.Y. Feb. 10, 2009) ("In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances."); Myrick v. Bradt, No. 08-CV-4972, 2009 WL 210868 at *2 (E.D.N.Y. Jan. 28, 2009) ("Although petitioner's confinement to the S.H.U. may have concluded at about the time the statute of limitations period ended, petitioner has not stated any reason why he was prevented from filing his petition during that period . . . ."); Lora v. United States, 07 Civ. 6936, 2007 WL 4966776 at *3 (S.D.N.Y. Nov. 21, 2007) ("Difficulties in pursuing a habeas petition created by the routine restrictions of prison life, however, are not extraordinary circumstances for purposes of equitable tolling." (quotations omitted)), report & rec. adopted, 2008 WL 577174 (S.D.N.Y. Mar. 3, 2008); Cross v. McGinnis, 05 Civ. 504, 2006 WL 1788955 at *4 (S.D.N.Y. June 28, 2006) ("Solitary confinement and the restrictions associated with it are not an extraordinary circumstance."); Gant v. Goord, 430 F. Supp. 2d 135, 139 (W.D.N.Y. 2006) ("In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances.").

[20]   If the pro se plaintiff requires copies of any of the cases reported only in Westlaw, plaintiff should request copies from the defendants' counsel. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009); SDNY-EDNY Local Civil Rule 7.2.

George B. Daniels, 500 Pearl Street, Room 1310, and to my chambers, 500 Pearl Street, Room 1370.

Any requests for an extension of time for filing objections must be directed to Judge Daniels (with

a courtesy copy to my chambers).   Failure to file objections will result in a waiver of those

objections for purposes of appeal.   Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Ingram v.

Herrick, 475 F. App'x 793, 793 (2d Cir. 2012); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d

1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984

F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S.

1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir.

1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d

234, 237-38 (2d Cir. 1983).

Dated:      New York, New York
            December 5, 2012

                                          Respectfully submitted,

                                          Andrew J. Peck
                                          United States Magistrate Judge

Copies to:   Roy Taylor (Mail)
             Ebonee Hamilton Lewis, Esq. (ECF)
             Judge George B. Daniels