UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROY TAYLOR,

                    Plaintiff,

-against-

FRESH DIRECT, et al.,

                    Defendants.



MEMORANDUM DECISION
AND ORDER

12 Civ. 2084 (GBD) (AJP)

GEORGE B. DANIELS, United States District Judge:

    Pro se Plaintiff Roy Taylor brings this action pursuant to Title VII of the Civil Rights Act of 1964 against his former employee, Fresh Direct, and various Fresh Direct employees. Plaintiff, whom Fresh Direct hired as a "helper" on a grocery delivery team, alleges that he was treated less favorably than other employees and ultimately terminated on account of his race. Defendants moved to dismiss the complaint on the merits and as time barred pursuant to 42 U.S.C. § 2000e-5(f)(1). This Court referred the case to Magistrate Judge Andrew J. Peck for his Report and Recommendation. Magistrate Judge Peck issued two Reports and Recommendations in which he recommended dismissal of Plaintiff's complaint because Plaintiff failed to timely file it within the 90-day statute of limitations. This Court adopts Magistrate Judge Peck's Reports and Recommendation. Defendants' motion to dismiss is GRANTED.

    Plaintiff was fired from his job on or about March 9, 2011. Am. Compl., ECF No, 11, at 20. In April 2011, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that the Defendants racially discriminated against him. Id. at 3. Plaintiff provided the EEOC with his Bronx apartment address. Id. at 12. Plaintiff was then incarcerated

at Rikers Island on August 24, 2011.  Plaintiff mentions no effort to notify the EEOC of his changed address.  The EEOC mailed a right to sue letter to Plaintiff's Bronx apartment on September 30, 2011, triggering Title VII's 90-day statute of limitations period.  Am. Compl., 9.  Taylor's girlfriend collected Plaintiff's mail from his Bronx apartment and forwarded it to Plaintiff sometime in October, 2011.  Id. at 21.

Plaintiff commenced this action on March 8, 2012.  Compl. 9.  On April 3, 2012, Chief Judge Loretta A. Preska, sua sponte, ordered Plaintiff to amend his complaint within 60 days because Plaintiff did not "indicate his race" and did not "allege that he completed the EEOC process, obtained a right to sue letter and timely filed this complaint."  Order to Amend, ECF No. 4, at 2.  In the course of drafting his amended complaint, Plaintiff wrote to the EEOC to obtain another copy of the September 30, 2011 right to sue letter and received it in June 2012.  Pl's Supp. Obj., ECF No. 32 at 2.  Plaintiff then filed an amended complaint on June 5, 2012.

Defendants' moved to dismiss.  On December 5, 2012, Magistrate Judge Peck issued a Report recommending dismissal of Plaintiff's amended complaint as time barred.  He reiterated this conclusion in a supplemental Report he issued on December 12, 2012.[1]

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1)(C).  When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made.  Id.; see also Rivera v. Barnhart, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006).  The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  See Fed. R. Civ. P. 72 (b); 28 U.S.C. § 636(b)(1)(C).  The Court need not conduct a de novo hearing on the matter.  See United States v. Raddatz, 447

---

[1] Magistrate Judge Peck issued his initial Report prior to receiving Plaintiff's opposition brief, and issued his supplemental Report in response to one new argument raised in Plaintiff's opposition.

2

U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Reports, Magistrate Judge Peck advised the parties that pursuant to 28 U.S.C. § 636(b)(1), failure to file timely objections would result in their waiver and preclude appellate review. Plaintiff objected to both Reports. In both sets of objections, he argues that his complaint is subject to equitable tolling, based on his newly minted claim that he did not receive the right to sue letter until May 1, 2012 because he was in prison, and because he was afflicted with depression that made him unable to bring his suit in a timely manner.[2]

Magistrate Judge Peck properly determined that Plaintiff's original complaint was untimely. A plaintiff alleging a violation of Title VII must bring his complaint within 90 days of receiving a right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000). Plaintiff conceded that he received the EEOC right to sue letter when his girlfriend brought him his mail in jail sometime in October, 2011. Pl's Opp'n, ECF No. 25, at 9. Although Plaintiff does not allege the specific date on which he received his right to sue letter, March 8, 2012 (the date Plaintiff filed his original complaint) is

---

[2] Plaintiff also argues that Chief Judge Preska extended the 90-day statute of limitations by 60 days so that Plaintiff could amend his complaint. Pl's Supp. Obj., ECF No. 32 at 3. Chief Judge Preska, however, granted Plaintiff 60 additional days in order to demonstrate compliance with the original 90-day limitations period; she did not extend it. See Order to Amend, ECF No. 4.

3

more than 90 days after any day in October, 2011.³ Plaintiff's complaint is therefore time barred unless he can avail himself of one of the limited exceptions to the statute of limitations.

Magistrate Judge Peck also correctly concluded that Plaintiff does not qualify for equitable tolling of the limitations period. Title VII's statute of limitations is subject to equitable tolling under certain "rare and exceptional circumstances" (Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2003)), such as when the plaintiff's original pleading was defective or "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990). "A plaintiff's failure to act diligently is not a reason to invoke equitable tolling." South v. Saab Cars USA, 28 F.3d 9, 12 (2d Cir. 1994).

In his objections, Plaintiff argues that his complaint should be equitably tolled because he was incarcerated and because he suffered from mild depression that prevented him from pursuing his claim. Neither reason suffices. Confinement in prison, even in punitive segregation, does not provide a basis for equitable tolling. Perry v. Sony Music, 462 F. Supp. 2d 518, 520 (S.D.N.Y. 2006) citing Walker v. Jastremski, 159 F.3d 117, 119 (1998). Neither does Plaintiff's claim that he was "a little depressed." Pl's Opp'n, Ex. B, ECF No. 25 at 17. A medical or mental impairment only warrants equitable tolling when such impairment renders the

---

³ Plaintiff changed his contention considerably after Magistrate Judge Peck recommended dismissal for failure to comply with the statute of limitations. In his objections to the Magistrate Judge's Reports, Plaintiff contended that the letter he received in October was not his right to sue letter, but a letter the EEOC sent him in August in which it asked him to please sign, date, and notarize his EEOC charge. He claims that he did not receive the right to sue letter until June, 2012, when he requested another copy. This contradicts the version of events that Plaintiff set forth before being alerted that he had not complied with the statute of limitations in which he claimed that his girlfriend gave him notice of the right to sue letter in October, 2011. Further, courts have held that failure to notify the EEOC of an address change (as required by 29 C.F.R. § 1601.7(b)) is sufficient to reject the application of equitable tolling and dismiss the complaint as untimely. See Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 120 (1st Cir. 2009); Banks v. Metro N. Commuter R.R., No. 97 Civ. 1601, 1998 WL 312237, at *3 (S.D.N.Y. Jun. 12, 1998) ("If the complainant does not receive the right-to-sue letter due to a failure to inform the EEOC of a change in address and thereafter files an untimely civil complaint, the complaint must be dismissed.").

4

plaintiff incapable of meeting deadlines. Mateo v. Riverbay Corp., 168 F. Supp. 2d 118, 123 (S.D.N.Y. 2001). Plaintiff has provided no indication that his depression was that severe.[4] Plaintiff's complaint was untimely and is not subject to equitable tolling.

## Conclusion

Defendants' Motion to Dismiss (ECF No. 20) plaintiff's complaint as time barred is GRANTED. The Clerk of the Court is directed to close this case.[5]

Dated: New York, New York
      May 7, 2013

SO ORDERED

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

[4] In fact, Plaintiff attaches several letters to his amended complaint that indicate that he was fully capable of sending and receiving correspondence during this time period. See Compl. at 6 (Feb. 2, 2012 letter to attorney Andrew Marshall); 28 (Sept. 5, 2011 letter to Admin. L. J.); 33 (Jan. 18, 2012 letter to Attorney Joseph Porretto).

[5] This decision also closes out ECF No. 31 (motion for a typewriter), ECF No. 32 (which are Plaintiff's objections, incorrectly styled as a motion), and ECF No. 45 (motion to add mental health evidence).

5